# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHARON OUIDA MILLER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:13-cv-209-Orl-37KRS**

**SOCIAL SECURITY ADMINISTRATION,**
**et al.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:** **February 7, 2013**

## I. PROCEDURAL HISTORY.

    On February 7, 2013, Plaintiff Sharon Ouida Miller filed a complaint against the Defendants alleging a number of claims. Doc. No. 1. Along with her complaint, Miller filed an Affidavit of Indigency, effectively asking this Court to allow her to proceed *in forma pauperis*. Doc. No. 2.

## II. STANDARD OF REVIEW.

    Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### III.   ANALYSIS and RECOMMENDATION.

Plaintiff alleges a number of perceived wrongs in her complaint. She alleges that Defendants Social Security Administration, Department of Children and Families, Department of Health, Manatee Glens Mental Health and Substance Abuse, Florida Bar Association, Department of Corrections, and Department of Labor Law failed to "provide ad[e]quate help to me and were insensitive to me and [my] family[.] [T]hey discriminated [against] me [because] of my marital status and medical condition and because I had no insurance." Doc. No. 1 at 2. Plaintiff then continues in her complaint with a brief, general description of her interactions with each of the Defendants, summarizing each perceived harm in broad terms. *See, e.g. id.* at 3 ("Manatee Glens Mental Health and substance abuse[:] 1) Reach out to them for help and was denied. My mental health was very [depleted] as the

drugs & alcohol has absorb my life. I need help but it was denied[;] no insurance. Leave me to die."). The allegations against the Defendants do not appear to arise from a common policy or conduct by the Defendants. *See, e.g. id.* (claiming discrimination against the Department of Health and mental/emotional abuse against Department of Children and Families). Additionally, in her prayer for relief Plaintiff states that she "need[s] help and my child may need help because neglected information about health and lies, trickery, deceit about other health and they know they had problems already and blame." Doc. No. 1 at 5.

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). If a court lacks subject matter jurisdiction, it must dismiss a complaint in its entirety. *Id*. Furthermore, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . and a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2)-(3). Also, while Federal Rule of Civil Procedure 20 allows for permissive joinder of claims, a plaintiff may only join claims against defendants if the claims "aris[e] out of the same transaction , occurrence , or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a)(1)(A).

Based on a review of the complaint, it is not clear that the Court has subject-matter jurisdiction to hear this case. Throughout the complaint, there are generalized claims of discrimination, "cruel and unnecessary force", and unpaid wages, *see* Doc. No. 1, but no constitutional provisions, federal statutes, treaties, or federal common law causes of action are referenced. There also does not appear to be complete diversity among the parties. Accordingly, the complaint must be dismissed failure to allege a basis on which this Court could exercise subject-matter jurisdiction. Additionally, Plaintiff

has failed to state a claim upon which relief can be granted, has impermissibly joined unrelated claims, and has failed to state a request for relief that this Court has the power to grant.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the case without prejudice and allow Plaintiff to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint.  I **further recommend** that the Court advise Plaintiff that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

In the amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or federal common law.  Plaintiff should not include argument in the amended complaint.  Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

In the amended complaint, Plaintiff must name as Defendants only those persons who are responsible for the alleged violations.  Plaintiff must provide support in the statement of facts for the claimed violations.  Also, a *separate* complaint should be filed against each individual or entity unless the causes of action are related.  In other words, it is not appropriate to file *one* all-inclusive complaint against *several* defendants who have allegedly committed violations of Plaintiff's rights arising out of different facts and circumstances.

Further, Plaintiff should clearly describe how each named defendant is involved in the alleged violations in the body of the complaint in a section entitled "Statement of Facts."  Plaintiff must allege some causal connection between the Defendant named and the injury allegedly sustained.  One generally cannot be held liable for the actions and/or omissions of others, but can only be held

responsible if he or she participated in the deprivation of Plaintiff's rights or directed such action and/or omission that resulted in such deprivation. Also, Plaintiff must allege specifically how Plaintiff has been damaged (harmed or injured by the actions and/or omissions of the Defendants).

Finally, if Plaintiff intends on filing an amended complaint with a request to proceed *in forma pauperis*, Plaintiff is reminded that the Affidavit of Indigency must be notarized by a Notary Public or other official authorized to notarize documents in order for this Court to consider it.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 14, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy