# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SHARON OUIDA MILLER,

        Plaintiff,

vs.                                                    Case No. 6:13-cv-209-Orl-37KRS

SOCIAL SECURITY
ADMINISTRATION; DEPARTMENT OF
CHILDREN AND FAMILIES; FLORIDA
DEPARTMENT OF HEATH (FLORIDA
HEALTH AND SUBSTANCE ABUSE0;
FLORIDA BAR ASSOCIATION;
DEPARTMENT OF CORRECTIONS;
and DEPARTMENT OF LABOR LAW,

        Defendants.

## ORDER

This cause is before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding. (Doc. 4.) The Magistrate Judge recommends dismissing this case without prejudice and allowing Plaintiff to file an Amended Complaint that clearly alleges a legal basis for her claims. (*Id.*) Plaintiff filed a paper in response to the Magistrate Judge's Report and Recommendation that this Court will treat as an objection. (Doc. 5.)

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of*

*Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Having carefully reviewed the complaint, the Court (like the Magistrate Judge) is concerned about its subject matter jurisdiction. This Court may consider only those matters that fall within the limits of its subject matter jurisdiction, which were conferred and delineated by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The complaint does not point to any federal constitutional provision, federal statute, treaty, or federal common law that would form a basis for a federal cause of action. Nor does the complaint allege the citizenship of the parties. The Magistrate Judge therefore is correct that the complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

This does not mean Plaintiff's claims will not be considered by the Court; it means only that a more complete and clear statement must be filed by Plaintiff so that the Court can determine whether Plaintiff's claims fall within its jurisdiction. The Magistrate Judge provides some directions to Plaintiff as to how a complaint should be drafted should Plaintiff wish to file an amended complaint. Plaintiff should attempt to conform to the Magistrate Judge's directions, and should consult and comply with the Federal Rules of Civil Procedure. Plaintiff may also wish to consult with an attorney or a legal aid organization,

If Plaintiff files an amended complaint, she should also file a new motion to proceed *in forma pauperis* and a notarized Affidavit of Indigency so that the Court can determine if she can proceed without paying a filing fee or for service of process.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Objection (Doc. 5) is **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Karla R. Spaulding (Doc. 4) is **ADOPTED** and **CONFIRMED** and made part of this Order.

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED** without prejudice.

4. Plaintiff shall file an amended complaint that complies with directions given by the Magistrate Judge on or before July 12, 2013. Plaintiff shall also filed a renewed motion to proceed i*n forma pauperis* and notarized Affidavit of Indigency on or before July 12, 2013.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 11, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record